## PFEFFERLE v CORRECTIONS COMMISSION

Docket No. 25635. Submitted May 12, 1976, at Detroit.—Decided June 18, 1976.

Sidney Pfefferle was an inmate at the State Prison of Southern Michigan. He escaped and later voluntarily surrendered to the State Police. The prison warden ordered the forfeiture of two years of Pfefferle's accumulated good time. Pfefferle then instituted grievance proceedings which resulted in a hearing and a decision not to reverse the previous withdrawal of good time. Pfefferle brought a complaint for mandamus in the Court of Appeals, naming as defendants the Michigan Corrections Commission, the Director of the Department of Corrections, and the Warden of the State Prison of Southern Michigan, seeking an order directing the defendants to restore the good time which had been withdrawn. *Held:*

1. Because escape is specifically included as a reason for forfeiture of accumulated good time in the statute which empowers the warden to take away good time, it is not necessary in this case to decide whether prison officials should promulgate more specific rules and regulations under the guidelines of the Administrative Procedures Act.

2. A proceeding to revoke a prisoner's good time must follow certain guidelines which have been set forth by the United States Supreme Court. In this case several of these guidelines were not followed and as a result the hearing was defective.

Mandamus granted, defendants to conduct a hearing in compliance with the United States Supreme Court guidelines.

1. PRISONS—PRISONERS—GOOD TIME—REVOCATION—APPEAL AND ERROR—STATUTES.

A prison warden is given statutory authority to revoke a prisoner's accumulated good time for certain offenses, including an escape; therefore, in acting upon a petition for mandamus from a prisoner whose good time was revoked after an escape it is

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 60 Am Jur 2d, Penal and Correctional Institutions § 64.

Withdrawal, forfeiture, modification, or denial of good-time allowance to prisoner. 95 ALR2d 1965.

not necessary for the Court of Appeals to decide whether under the guidelines of the Administrative Procedures Act a warden is required to promulgate more specific rules and regulations regarding revocation of good time for the offense of escape (MCL 24.201 *et seq.,* 800.33; MSA 3.560[101] *et seq.,* 28.1403).

2. PRISONS—PRISONERS—GOOD TIME—REVOCATION.

A proceeding to revoke a prison inmate's accumulated good time must: (1) provide the inmate with advance written notice of a claimed violation; (2) provide the inmate at least 24 hours to marshal facts and prepare a defense; (3) provide a hearing at which the inmate shall be allowed to call witnesses and present documentary evidence, unless exercise of these rights will be unduly hazardous to institutional safety or correctional goals; (4) provide an illiterate or incompetent inmate with competent assistance if necessary; and (5) provide a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken.

3. PRISONS—PRISONERS—GOOD TIME—FORFEITURE—WARDEN'S DISCRETION.

The decision to forfeit a prisoner's good time for an escape rests within the discretion of the prison warden; however, his decision should not work substantial injustice nor should the warden act in an arbitrary manner.

Sidney Pfefferle, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas L. Casey,* Assistant Attorney General, for defendants.

Before: R. M. MAHER, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. Sidney Pfefferle, an inmate imprisoned in the State Prison of Southern Michigan in Jackson, seeks a writ of mandamus to compel defendants to restore two years of accumulated good time withdrawn by defendants following plaintiff's escape from custody. Plaintiff claims that the procedures used by defendants to withdraw the good time were constitutionally defective.

A brief recitation of background facts is helpful. In March, 1968, plaintiff was sentenced to 15 to 30 years for second-degree murder, MCL 750.317; MSA 28.549. While serving his sentence at Jackson Prison, plaintiff was accumulating good time pursuant to the statutory formula found in MCL 800.33; MSA 28.1403. During the first six years of his term in prison, plaintiff had repeatedly requested that the parole board grant him special parole, seeking a release before serving his minimum time. See MCL 791.233(b); MSA 28.2303(b). Plaintiff's requests for special parole were consistently rejected, with the parole board informing plaintiff that his earliest release date would be 15 years from sentencing, less good time earned.

In August 1974, plaintiff escaped from a trustee detail, remained free for two weeks, and then voluntarily surrendered to the State Police. He has indicated that his escape was prompted by the homosexual harassment of a member of the prison staff, as well as the frustration resulting from persistent and, to his mind, erroneous denials of special parole requests.

On September 5, three days after his return to prison, Mr. Pfefferle was brought before a prison committee and was instructed on the possibility of forfeiture of good time. He made no statement. Five days later, the warden issued an order withdrawing two years of plaintiff's good time. Nine months later, in June 1975, plaintiff instituted grievance proceedings and was granted a grievance hearing. On July 25 he received a "notice of intent to conduct an Administrative Hearing" from the warden. The notice merely informed plaintiff that there would be a hearing to obtain information "regarding his escape for which he forfeited good time". On July 30, the hearing was

held. Plaintiff apparently did not make any statement, insisting that he had a right to counsel. He did, however, file a letter detailing his reasons for the escape.

On August 4, the warden sent a letter to plaintiff stating simply that the warden declined at that time to reverse his previous withdrawal of good time. Plaintiff later received a hearing report that outlined his grievance but failed to indicate the particular reasons for denial. From this final administrative action, Mr. Pfefferle brings his *pro per* petition for mandamus.

Before addressing the possible procedural irregularities we must dispose of a preliminary issue. It is suggested that there can be no forfeiture of good time until prison officials promulgate rules and regulations under the guidelines of the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560 (101) *et seq.* The previously cited statute authorizing good time accumulation also establishes the authority for revocation of good time:

" * * * The commissioner of corrections may, by general rule, subject to amendment from time to time and subject to general rules promulgated in compliance with the provisions of Act No. 88 of the Public Acts of 1943, as amended, being sections 24.71 to 24.82, inclusive, of the Compiled Laws of 1948, prescribe how much of the good time earned under the foregoing provisions a convict shall forfeit for 1 or more infractions of the prison rules in any month, *and for any serious act of insubordination, attempt to escape, or escape, the warden may, by special order, take away any portion of the whole of the good time* made by any convict up to the date of such offense * * * "[1] MCL 800.33; MSA 28.1403 (emphasis added).

---

[1] MCL 24.71-24.82; MSA 3.560(7)-3.560(18) have been repealed by two public acts: 1964 PA 161 and 1969 PA 306. This latter legislation established the present Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Part of the act, MCL 24.312; MSA 3.560 (212), makes it clear that the good time statutory reference to the

We believe that this statute gives the warden the express authority to take away "any portion of the * * * good time" for "any serious act of insubordination, attempt to escape, or escape". By statute, the warden need not rely on rules and regulations promulgated under the Administrative Procedure Act when revoking good time for certain offenses. Mr. Pfefferle's escape is one such offense that is clearly mentioned in the statute. We need not consider therefore, on present petition, whether there must be more specificity to the phrase "serious act of insubordination" or whether present prison rules on forfeiture of good time for "infractions" comply with the Administrative Procedures Act. Those questions await resolution another day.

Our acknowledging that the warden has the statutory power to revoke, by special order, good time for an escape does not imply that the power is unfettered. A warden must comply with the specific due process mandates of *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974).

For a good time revocation process to be constitutional, *Wolff* requires:

(1) advance written notice of the claimed violation, 418 US at 563; (2) providing the inmate with at least 24 hours to marshal facts and prepare a defense, 418 US at 564; (3) a hearing, at which the inmate shall be allowed to call witnesses and present documentary evidence in his defense, unless prison officials, in the exercise of sound discretion, determine that exercise of these rights will be unduly hazardous to institutional safety or correctional goals, 418 US at 566; (4) providing an

repealed act should now be construed as a reference to the present Administrative Procedures Act.

illiterate or incompetent inmate with some competent assistance when a need for such assistance is demonstrated, 418 US at 570; and (5) "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken". 418 US at 563.

*Wolff* additionally left to the sound discretion of state officials provision of an opportunity for confrontation and cross-examination, with the court noting that in certain cases "interest balancing may well dictate cross-examination". 418 US at 569.

Finally, *Wolff* hinted that the decision maker(s) be "sufficiently impartial * * * not left * * * with unlimited discretion". 418 US at 570–571. With these directives in mind, we conclude that Mr. Pfefferle was not treated fairly, for the good time revocation proceedings did not comport with the requirements of due process set out in *Wolff.*

To begin with, the September proceedings were totally defective. Plaintiff received no prior written notice, nor was he given time to prepare a defense. It is therefore not surprising that at his "hearing" he did not call witnesses nor offer documentary evidence. The warden's September 10 dispositional order did not satisfy the *Wolff* requirements of specificity of evidence and specificity of reasoning.

Nor do we believe that the July proceedings satisfied *Wolff.* The July 25 notice was not a notice initiating proceedings to revoke good time but rather more in the nature of a notice of review of the initial disposition. Were this the only defect in the proceedings, we might not quibble over the terminology of the notice. However, we find further defects in the conduct of the second hearing. While plaintiff's right to legal assistance has not been demonstrated, *Wolff, supra,* 418 US at 570;

*Baxter v Palmigiano,* 425 US 308; 96 S Ct 1551; 47 L Ed 2d 810 (1976), the claim that plaintiff was entitled to call witnesses is sound. Given the possibility that his escape may have been justified because of threat of homosexual harassment, *People v Luther,* 394 Mich 619; 232 NW2d 184 (1975), plaintiff deserves an opportunity to establish his defense. The record does not establish any relinquishment of his right to present evidence, nor have defendants established that plaintiff's calling witnesses would be unduly hazardous to institutional safety or correctional goals. Accordingly, we find the hearing defective. In addition, the August 4 letter from the warden and the subsequent issuance of a hearing report do not comply with the *Wolff* mandate of specific statements of evidence relied on and the decision maker's reasoning.

We grant Mr. Pfefferle's petition for mandamus and order defendants to conduct a hearing that complies with *Wolff.* Plaintiff shall be given: (1) a prior written notice of the intended revocation; (2) an opportunity to prepare his defense; (3) an opportunity to call witnesses and offer documentary evidence, unless defendants can show that such rights will be unduly hazardous to institutional safety or correctional goals; (4) an opportunity to request the confrontation and cross-examination of witnesses, with the granting or denial of his request left to the sound discretion of prison officials; and (5) a written statement of the factfindings as to the evidence relied upon and the reasons for the action taken. While the decision to forfeit a prisoner's good time rests within the discretion of the warden, his ruling should not work "substantial injustice", nor should the warden act in an arbitrary manner. *People v Robinson,* 41 Mich App 259, 264–265; 199 NW2d 878 (1972).

Finally, because the issue may arise again, we note that plaintiff's double jeopardy and/or equal protection arguments concerning loss of good time have been previously rejected. See *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973), *lv den,* 392 Mich 776 (1974), and cases cited therein.

Writ of mandamus granted.