SPRUYTTE v DEPARTMENT OF CORRECTIONS

Docket No. 113351. Submitted March 20, 1990, at Lansing. Decided
July 2, 1990.

Floyd J. Spruytte, Jr., and Ronald M. Tauber brought an action
in the Ingham Circuit Court against the Department of Correc-
tions seeking declaratory and injunctive relief. The plaintiffs,
prison inmates, requested permission to keep personal comput-
ers in their cells. The requests were denied without formal
hearing pursuant to a policy directive of the defendant. The
circuit court, James R. Giddings, J., found that 1979 AC, R
791.6637(4) provided plaintiffs a protected property interest and
required defendant to hold a hearing pursuant to MCL 791.251;
MSA 28.2320(51) to determine plaintiffs' entitlement to possess
computers. Defendant appealed.

The Court of Appeals held:

1. The plaintiffs' right to possess a computer is governed by
1979 AC, R 791.6637(4). Defendant's policy directive is invalid
since it was not properly promulgated under the Administra-
tive Procedures Act.

2. The circuit court properly found that Rule 791.6637(4)
creates a federally protected interest and that plaintiffs possess
a protected property interest in acquiring possession of a per-
sonal computer.

3. The trial court erred in finding plaintiffs entitled to a
hearing under MCL 791.251; MSA 28.2320(51). Due process may
be satisfied with a written response to plaintiffs' requests as
long as the reply, if a denial, states the reasons for the denial
and the reasons are based on the criteria of Rule 791.6637(4).

Reversed and remanded.

1. PRISONS AND PRISONERS — PROPERTY — PERSONAL COMPUTERS.

Prison inmates possess a protected property interest in acquiring
possession of a personal computer; possession of a computer
may be denied only where prison officials determine that such

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 106, 189.
See the Index to Annotations under Computers; Due Process; Pris-
ons and Prisoners.

property poses a threat to the public health, or the security, order, or housekeeping of the facility (1979 AC, R 791.6637[4]).

2. CONSTITUTIONAL LAW — DUE PROCESS — STATE-LAW RIGHTS.

A two-part test is used to determine whether a state-law right gives rise to a federal due process entitlement, rather than a mere expectation of receiving a benefit: first, a state creates a protected liberty interest by placing substantive limitations on official discretion; and second is a determination whether the regulation contains mandatory language requiring that if the regulation's substantive predicates are present, a particular outcome must follow.

3. PRISONS AND PRISONERS — PROPERTY — DUE PROCESS.

An inmate's right to possess a particular piece of property while incarcerated is not a right subject to the hearing requirements applicable to the hearings division of the Department of Corrections; due process is satisfied where prison officials give a written response to an inmate's request to possess a particular piece of property as long as the reply, if a denial, states the reasons for the denial and the reasons are based on the criteria of the administrative rule pertaining to an inmate's possession of property (1979 AC, R 791.6637[4]; MCL 791.251; MSA 28.2320[51]).

Floyd J. Spruytte, Jr., and Ronald M. Tauber, in propria persona.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *K. Davison Hunter,* Assistant Attorney General, for defendant.

Before: GILLIS, P.J., and McDONALD and J. W. FITZGERALD,* JJ.

McDONALD, J. Defendant, Department of Corrections, appeals from a May 12, 1987, opinion and July 23, 1987, order granting plaintiff inmates partial summary disposition and requiring a hearing to be held pursuant to MCL 791.251; MSA 28.2320(51) to determine whether plaintiffs are

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

entitled to possess personal computers in their prison cells.

In lieu of granting defendant leave to appeal, our Supreme Court reversed and remanded the case to this Court, *Spruytte v Dep't of Corrections,* 431 Mich 898 (1988), after a panel of this Court, on plaintiffs' motion, dismissed defendant's original appeal for failure to pursue the appeal. We now reverse and remand the case to the trial court for further proceedings.

Plaintiffs requested permission to keep personal computers in their cells. The requests were denied without formal hearing pursuant to Department of Corrections policy directive PD-BCF-53.01, which lists the types of personal property allowed prisoners, including typewriters but not personal computers. After utilizing various review procedures within the department, plaintiffs sought declaratory judgment and injunctive relief in the circuit court arguing administrative rule 1979 AC, R 791.6637(4) creates a federally protected interest in the possession of personal property by prisoners which interest was summarily denied by defendant. Plaintiffs further asserted entitlement to a hearing to determine their right to possess a computer pursuant to MCL 791.251; MSA 28.2320(51). Following a hearing, the circuit court issued the contested opinion and order finding Rule 791.6637(4) provided plaintiffs a protected property interest and requiring that defendant hold a hearing pursuant to MCL 791.251; MSA 28.2320(51) to determine, in light of Rule 791.6637(4), whether possession of the computer would be inconsistent with the standard set forth therein.

On appeal defendant claims the circuit court erred in finding Rule 791.6637(4) provides plaintiffs a protected property interest in possession of a computer and in ordering a hearing on plaintiffs'

right to possess the same pursuant to MCL 791.251; MSA 28.2320(51). Although we disagree with defendant's proposition that plaintiffs have no protected property interest in possessing a computer, we agree defendant is not required to conduct a hearing on the issue.

PROPERTY INTEREST

Defendant concedes denial of plaintiffs' requests to possess computers based on PD-BCF-53.01 was improper as the failure to properly promulgate the policy directive under the Michigan Administrative Procedures Act, MCL 24.201 *et seq.,* MSA 3.560(101) *et seq.,* renders the directive invalid. *Martin v Dep't of Corrections,* 424 Mich 553; 384 NW2d 392 (1986).

Thus, a prisoner's right to possess a personal computer is governed by Rule 791.6637(4) which, under the heading "Right to be kept informed, transact personal business, marry, and hold personal property," states:

> A resident may keep personal property in his or her housing unit, subject to reasonable regulations to safeguard the public health and the security, order, and housekeeping of the facility.

Thus, state law grants plaintiffs the right to hold personal property that fits reasonable regulations of public health, security, et cetera. *Spruytte v Walters,* 753 F2d 498, 506 (CA 6, 1985), cert den 474 US 1054; 106 S Ct 788; 88 L Ed 2d 767 (1986).

The test to determine whether a state-law right gives rise to a federal due process entitlement, rather than a mere expectation of receiving a benefit, is in two parts. First, as stated by the United States Supreme Court in *Olim v Wakine-*

*kona,* 461 US 238, 249; 103 S Ct 1741; 75 L Ed 2d 813 (1983):

> [A] state creates a protected liberty interest by placing substantive limitations on official discretion. An inmate must show "that particularized standards or criteria guide the State's decision-makers." *Connecticut Bd of Pardons v Dumschat,* 452 US 458, 467 [101 S Ct 2460; 69 L Ed 2d 158] (1981) (BRENNAN, J., concurring).

In *Olim,* the Court found that Hawaii's regulations governing transfers of prisoners to other institutions did not give prisoners protected interests in not being transferred to a mainland prison because the regulations placed "no substantive limitations on official discretion." *Olim,* 249.

Using the same test in *Hewitt v Helms,* 459 US 460; 103 S Ct 864; 74 L Ed 2d 675 (1983), the Court found Pennsylvania regulations governing administrative segregation gave prisoners a protected liberty interest. The regulations stated a prisoner could not be removed from the general population unless officials found the "need for control" or "a threat of a serious disturbance" required such a removal. *Id.,* p 470, n 6, pp 471-472. Because the regulations stated these "specific substantive predicates" to removal of a prisoner and that certain procedures "must" and "shall" be used in determining whether the substantive predicates exist, the prisoners had a protected liberty interest. *Hewitt,* 472; *Spruytte,* 507.

The Sixth Circuit Court of Appeals in *Spruytte* used this test in deciding whether a prisoner had a protected interest in receiving a dictionary from his mother under Michigan prison regulations. Just as in this case, the *Spruytte* court first found that the Michigan Department of Corrections' policy directive limiting a prisoners' receipt of books

to those mailed directly from the publisher was not a properly promulgated rule. *Spruytte,* 505. Spruytte's right to receive the dictionary was regulated by 1979 AC, R 791.6603(3) which states in part:

> A resident may receive any book, periodical, or other publication which does not present a threat to the order or security of the institution or to resident rehabilitation.

The *Spruytte* court held this rule creates a federally protected interest, as a finding that a specific book was a "threat to the order or security of the institution or to resident rehabilitation" is a "specific substantive predicate to withholding of the book from the prisoner." *Spruytte,* 507-508.

Applying the test to the instant Rule 791.6637(4), we believe defendant's discretion is similarly restricted by substantive predicates. Prisoners are granted the right to keep personal property, "subject to reasonable regulations to safeguard the public health and the security, order, and housekeeping of the facility." If prisoners may keep personal property fitting within these reasonable regulations, it follows that officials may not prohibit receipt of personal property unless they determine the property poses a threat to public health, or the security, order, or housekeeping of the facility. Such a finding is a specific substantive predicate to withholding personal property from a prisoner. Since the officials' discretion is thus restricted, we find the rule creates a federally protected interest.

The second part of the test entails a determination whether the regulation contains mandatory language requiring that "if the regulations' substantive predicates are present, a particular out-

come must follow." *Kentucky Dep't of Corrections v Thompson,* 490 US —; 109 S Ct 1904, 1910; 104 L Ed 2d 506, 516 (1989). In *Thompson,* the Supreme Court found substantive predicates present in the visitor regulations, but nonetheless found no enforceable property interest as the regulations lacked mandatory language. The Court observed:

> The Reformatory Procedures Memorandum begins with the caveat that "administrative staff reserves the right to allow or disallow visits," and goes on to note that "it is the policy" of the Reformatory "to respect the right of inmates to have visits." . . . This language is not mandatory. Visitors *may* be excluded if they fall within one of the described categories, . . . but they *need not* be. Nor need visitors fall within one of the described categories in order to be excluded. The overall effect of the regulations is not such that an inmate can reasonably form an objective expectation that a visit would necessarily be allowed absent the occurrence of one of the listed conditions. Or, to state it differently, the regulations are not worded in such a way that an inmate could reasonably expect to enforce them against the prison officials. [*Thompson,* 109 S Ct 1910-1911; 104 L Ed 2d 517-518.]

We find the instant Rule 791.6637(4) contains such mandatory language. The heading indicates plaintiffs have a "right" to hold property. Use of the word "may" in the regulation grants permission to the prisoner to hold certain property; it does not give officials further discretion once the substantive predicates are met.

We find unpersuasive defendant's attempt to distinguish *Spruytte* by pointing to minor differences between the wording of the rule therein at issue and the instant rule. The differences do not alter the above analysis.

We therefore conclude the circuit court properly declared plaintiffs to possess a protected property interest in acquiring possession of a personal computer.

### HEARING

Finding plaintiffs have a protected property interest in possessing a personal computer and that plaintiffs were summarily deprived of said interest, the circuit court ordered defendant to afford plaintiffs a hearing pursuant to MCL 791.251; MSA 28.2320(51) to determine whether plaintiffs' rights could be suspended.

MCL 791.251; MSA 28.2320(51) provides for the creation of a hearings division within the Department of Corrections, and includes the following:

(2) The hearings division shall be responsible for each prisoner hearing which the department conducts which may result in the loss by a prisoner of a right, including but not limited to any 1 or more of the following matters:

(a) An infraction of a prison rule which may result in punitive segregation, loss of disciplinary credits, or the loss of good time.

(b) A security classification which may result in the placement of a prisoner in administrative segregation.

(c) A special designation which permanently excludes, by department policy or rule, a person under the jurisdiction of the department from community placement.

(d) Visitor restrictions.

(e) High or very high assaultive risk classifications.

(3) The hearings division shall not be responsible for a prisoner hearing that is conducted as a result of a minor misconduct charge that would not cause a loss of good time or disciplinary credits, or placement in punitive segregation.

However, the statute does not include property restrictions in its listing of rights subject to hearing requirements. Nor do we believe the instant property restrictions fall within the "including but not limited to" statutory language preceding the listing of those rights covered. The listed rights constitute either rights of constitutional magnitude or incentives associated with the goal of rehabilitation. We do not believe the right to possess a particular piece of property while incarcerated rises to this level.

In applying the instant statute it is this Court's aim to give effect to the Legislature's intent. *Boone v Antrim Co Bd of Road Comm'rs,* 177 Mich App 688; 442 NW2d 725 (1989). We believe our interpretation, that the rights contained within the "including but not limited to" language of the statute are restricted by the nature of the rights that are specifically listed within the same, reflects the legislative intent behind this language. Although not dispositive of legislative intent, *In re Certified Question,* 433 Mich 710; 449 NW2d 660 (1989), we find support for our reading of the statute in the House Legislative Analysis of the same. The statute, House Bill 4126, was enacted as 1983 PA 155. The bill amended the hearings division statute primarily by deleting "either" preceding "a right" in subsection (2) and "or significant privilege" following "a right," and by adding subdivisions (d) and (e) and a new subsection (3). The legislative analysis states under "Arguments: For":

> By eliminating the general entitlement to a hearing for loss of a "significant privilege" the bill would help resist the expansion of hearing requirements for penalties imposed for minor misconduct charges. Recent court decisions have tended to give a generous interpretation to this term. The

explicit provision that a hearing is not required on a minor misconduct charge that would not result in a loss of good time or disciplinary credits, or punitive segregation will also *help to clarify the limits of a prisoner's entitlement to a hearing. By specifically listing the sanctions which do entitle a prisoner to a hearing* the bill should reassure prisoners as to the extent of their protections and reduce complaints with regard to disciplinary actions which fall outside the list. [House Legislative Analysis, HB 4126, May 2, 1983. Emphasis added.]

We therefore conclude the trial court erred in finding plaintiffs entitled to a hearing pursuant to MCL 791.251; MSA 28.2320(51). Nonetheless, having also found plaintiffs have a protected property interest in possession of the computers, the question remains as to what procedure due process requires before plaintiffs may be deprived of this property interest. In *Hewitt, supra,* the Court stated that the requirements of the Due Process Clause are "flexible and variable dependent upon the particular situation being examined," and, quoting *Wolff v McDonnell,* 418 US 539, 560; 94 S Ct 2963; 41 L Ed 2d 935 (1974), stated "one cannot automatically apply procedural rules designed for free citizens in an open society . . . to the very different situation presented by a disciplinary proceeding in a state prison." *Hewitt,* 472. In the situation herein under examination we believe due process may be satisfied with a written response to plaintiffs' or similarly situated individuals' requests as long as the reply, if a denial, states the reasons for the denial and the reasons are based on the criteria of Rule 791.6637(4).

The trial court's July 23 order requiring defendant to conduct a hearing pursuant to MCL 791.251; MSA 28.2320(51) is reversed. The case is hereby remanded to the circuit court, which is to

retain jurisdiction in order that a due process determination consistent with this opinion be obtained.

Reversed and remanded.