SPRUYTTE v OWENS

Docket No. 124171. Submitted November 6, 1990, at Grand Rapids.
    Decided April 30, 1991; approved for publication June 20, 1991,
    at 9:25 A.M.

    Floyd J. Spruytte, Jr., a state prison inmate, and Norma J.
    Spruytte brought an action under 42 USC 1983 in the Ionia
    Circuit Court against Anthony Owens, a hearing officer of the
    Department of Corrections who decided that Floyd Spruytte
    was properly denied possession of an electronic typewriter
    pursuant to Department of Corrections Policy Directive BCF-
    53.01. The plaintiffs sought declaratory and injunctive relief, as
    well as damages, claiming that under 1979 AC, R 791.6637(4),
    Spruytte enjoyed a protected property interest in possessing the
    typewriter and that the rejection of the typewriter for reasons
    other than those authorized by Rule 791.6637(4) deprived him
    of that interest without due process of law. The court, Charles
    W. Simon, Jr., J., granted summary disposition for the defen-
    dant, ruling that the defendant was immune from suit. The
    plaintiffs appealed.

    The Court of Appeals held:

    1. Absolute immunity accorded hearing officers of the statuto-
    rily created hearings division of the Department of Corrections,
    MCL 791.251 et seq.; MSA 28.2320(51) et seq., did not extend to
    the defendant in this case because he was not a member of the
    hearings division, but instead was a resident unit manager who
    conducted a hearing pursuant to 1979 AC, R 791.3301.

    2. The defendant forfeited qualified immunity because in
    ruling against Spruytte, he violated 1979 AC, R 791.6637(4),
    which granted inmates a protected interest in holding personal
    property that, inter alia, fit reasonable regulations of public
    health and security, and because he relied on a policy directive

REFERENCES

Am Jur 2d, Civil Rights §§ 12, 16-20; Penal and Correctional Insti-
    tutions §§ 27, 106, 123, 176.
Supreme Court's construction of Civil Rights Act of 1871 (42 USCS
    sec. 1983) providing private right of action for violation of federal
    rights. 43 L Ed 2d 833.

that was not properly promulgated pursuant to the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*

3. The trial court erred in concluding that it lacked jurisdiction to grant injunctive relief to compel the defendant to comply with Rule 791.6637(4). However, the issue is moot because the rule has been rescinded.

Reversed and remanded.

1. CIVIL RIGHTS — GOVERNMENTAL IMMUNITY — DEPARTMENT OF CORRECTIONS — HEARING OFFICERS — ABSOLUTE IMMUNITY.

Absolute immunity from an action brought under 42 USC 1983 accorded officers of the hearings division of the Department of Corrections does not extend to a hearing officer of that department who is not a member of the hearings division (MCL 791.251 *et seq.*; MSA 28.2320[51] *et seq.*).

2. CIVIL RIGHTS — GOVERNMENTAL IMMUNITY — QUALIFIED IMMUNITY.

A government official performing discretionary functions is entitled to qualified immunity from an action brought under 42 USC 1983 insofar as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

3. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF CORRECTIONS — ADMINISTRATIVE RULES — POLICY DIRECTIVES.

The Department of Corrections is an agency subject to the rulemaking provisions of the Administrative Procedures Act, and policy directives of the department that are not properly promulgated pursuant to the act are invalid (MCL 24.201 *et seq.*; MSA 3.560[101] *et seq.*).

Floyd J. Spruytte, Jr., in propria persona, for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *A. Peter Govorchin,* Assistant Attorney General, for the defendant.

Before: NEFF, P.J., and MAHER and HOOD, JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order dismissing their action against defendant on the ground that defendant possessed absolute immunity. MCR 2.116(C)(7). We reverse and remand.

Plaintiff,[1] an inmate of the Ionia Correctional Facility, brought the instant pro se action under 42 USC 1983, seeking declaratory and injunctive relief, together with money damages, against a Department of Corrections hearing officer in both his individual and official capacities. Defendant had conducted an administrative hearing on plaintiff's claim that he was improperly denied possession of an electronic typewriter. Following the hearing, defendant issued a decision declaring that the typewriter was properly rejected because it did not comport with Policy Directive BCF-53.01, § III (B)(5), which provides that a prisoner may possess an "electric/electronic typewriter" if it is purchased through the institution and the purchase price does not exceed $400. Specifically, defendant found that the typewriter had not been purchased through the institution, while also noting that plaintiff had insured it for $750. However, defendant did indicate that plaintiff could order the item through the approved institutional procedure and vendor.

Plaintiff's first amended complaint alleged that under 1979 AC, R 791.6637(4) he enjoyed a state-created, constitutionally protected property interest in receiving the typewriter and that the rejection of the typewriter for reasons other than those authorized by Rule 791.6637(4) deprived him of a protected property interest without due process of law, contrary to both the federal and state constitutions. Plaintiff requested a declaratory finding that defendant's actions violated his constitutional rights, a permanent injunction enjoining defendant from similarly violating his constitutional rights in the future, and money damages.

Relying on *Shelly v Johnson*, 849 F2d 228 (CA 6,

[1] All references to plaintiff are intended to refer solely to plaintiff Floyd Spruytte unless otherwise noted.

1988), the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(7) on the ground that defendant was absolutely immune from suit.

Plaintiffs now appeal as of right, claiming that defendant was not the type of hearing officer to whom a defense of absolute immunity is available. We agree.

Judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their respective judicial, legislative, and executive authority. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 592; 363 NW2d 641 (1984). In *Shelly, supra,* the Sixth Circuit Court of Appeals determined that a Michigan prison hearing officer appointed and acting pursuant to MCL 791.251 *et seq.;* MSA 28.2320(51) *et seq.* was entitled to absolute immunity. Adopting the reasoning of the district court, the Sixth Circuit stated:

> "The immunity of hearing officers has not always been clear. In *Cleavinger v Saxner,* 474 US 193; 106 S Ct 496 [88 L Ed 2d 507] (1985), the court held that the members of a federal prison discipline committee, who hear cases in which inmates are charged with infractions of institutional rules, are entitled only to qualified, rather than absolute, immunity from suits alleging that they have violated prisoners' constitutional rights. The court emphasized that the several factors mentioned in *Butz v Economou,* 438 US 478 [98 S Ct 2894; 57 L Ed 2d 895] (1978) as characteristic of absolute judicial immunity were absent. . . .
>
> * * *
>
> [U]nlike the members of the discipline committee in *Cleavinger, supra,* the Michigan prison hearing officer is an attorney especially appointed to conduct prison disciplinary hearings as a full time

judicial officer, wholly independent of the warden and other prison officials in the prison in which he conducts his hearings. He is guided by strict statutory procedural rules and his decision is subject to appellate review in the Michigan courts. His role for all practical purposes is similar to that of an administrative law judge and as such he should be entitled to absolute judicial immunity for the very reasons recognized by the court in *Butz v Economou, supra.*" [849 F2d 229-230.]

Thus, the court in *Shelly* relied on the statutorily defined duties and role of Michigan prison hearing officers in reaching its conclusion that they were entitled to absolute immunity. In the instant case, however, it is undisputed that defendant is not a statutory hearing officer under MCL 791.251 MSA 28.2320(51). Rather, defendant is a resident unit manager who conducted an administrative hearing under 1979 AC, R 791.3301 *et seq.* Defendant is not required to be an attorney, and his duties are not classic adjudicatory ones. Further, defendant works under the supervision of the deputy warden, not a statutorily created hearings division. Thus, defendant does not have the independence ascribed to members of the judiciary that would make him detached and neutral. Finally, the type of hearing that occurred in the instant case, i.e., review of a determination to disallow receipt of certain personal property, is not the kind encompassed under MCL 791.251; MSA 28.2320(51). See *Spruytte v Dep't of Corrections,* 184 Mich App 423, 430-432; 459 NW2d 52 (1990). In sum, the concerns present in the instant case are the same as those in *Cleavinger, supra,* wherein the Supreme Court found that the federal discipline committee members did not have absolute immunity. We conclude, therefore, that the trial court erred when it dismissed plaintiffs' com-

plaint on the ground that defendant was absolutely immune from suit.

Plaintiffs also contend that defendant is not entitled to qualified immunity. Although raised below, the trial court did not reach this issue. Generally, this Court will not review issues that were not raised and decided by the trial court. *Providence Hosp v Nat'l Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987). However, this Court may properly review an issue if the question is one of law and the facts necessary for its resolution have been presented. *Id.*

In *Guider v Smith,* 431 Mich 559, 565; 431 NW2d 810 (1988), our Supreme Court held that the test announced in *Harlow v Fitzgerald,* 457 US 800; 102 S Ct 1717; 73 L Ed 2d 396 (1982), was the proper test regarding claims of qualified immunity under 42 USC 1983 actions. Under this test, a government official performing discretionary functions is entitled to immunity from damages "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Guider, supra,* p 565.[2]

In the present case, plaintiff claims he enjoyed a protected property interest in possessing the subject typewriter pursuant to Rule 791.6637(4). We agree. This rule provides:

> A resident may keep personal property in his or her housing unit, subject to reasonable regulations to safeguard the public health and the security, order, and housekeeping of the facility.

---

[2] The *Guider* Court emphasized that its responsibility when resolving claims brought under § 1983 was to adhere to federal standards. 431 Mich 565, n 5.

Pursuant to this rule, state law grants plaintiff the right to hold personal property that fits reasonable regulations of public health and security. *Spruytte v Walters*, 753 F2d 498, 506 (CA 6, 1985), cert den 474 US 1054 (1986); *Spruytte, supra,* 184 Mich App 426. Moreover, because an official's discretion to prohibit receipt of property pursuant to this rule is restricted by "specific substantive predicates," (i.e., property must pose a threat to public health or the security, order, or housekeeping of the facility) the interest created by the rule is a protected one. See *Spruytte, supra,* 184 Mich App 426-428; also see *Spruytte, supra,* 753 F2d 507. When a state creates an entitlement and provides that it may not be defeated except upon a finding of a specific substantive predicate, the state's defeat of that entitlement without such a finding is a violation of due process. *Id.,* pp 508-509.

Rather than relying on the criteria of Rule 791.6637(4), the defendant in this case denied plaintiff's request to possess an electronic typewriter on the basis of PD-BCF-53.01. It is undisputed that this policy directive was not promulgated pursuant to the rule-making provisions of the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* Both this Court and our Supreme Court have repeatedly held that the Department of Corrections is an agency subject to the rule-making provisions of the act, and have struck down policy directives not properly promulgated pursuant to the act as being invalid and without legal authority. *Martin v Dep't of Corrections,* 424 Mich 553; 384 NW2d 392 (1986); *Spruytte, supra,* 184 Mich App 426; *Schinzel v Dep't of Corrections,* 124 Mich App 217; 333 NW2d 519 (1983); *Schinzel v Marquette Prison Warden,* 123 Mich App 763; 333 NW2d 348 (1983), modified

in part on other grounds 419 Mich 865 (1984).[3] Also see *Spruytte, supra,* 753 F2d 506.[4] Thus, there can be no question that hearing officials had ample notice that they were required to act pursuant to properly promulgated administrative rules. *Id.,* p 510.

Regarding the immunity question, it is clear that Rule 791.6637(4) was a clearly established state regulation, violation of which is sufficient to cause officials to forfeit their qualified immunity. *Davis v Scherer,* 468 US 183, 194; 104 S Ct 3012; 82 L Ed 2d 139 (1984); *Spruytte, supra,* 753 F2d 510. In *Spruytte, supra,* 753 F2d 511, the Sixth Circuit Court of Appeals, applying the test regarding qualified immunity set forth in *Harlow, supra,* held that prison officials were not entitled to qualified immunity where they violated an administrative rule that created a property interest in the plaintiff and instead relied on an improperly promulgated policy directive:

> [T]he officials here violated Administrative Rule 791.6603(3), the very rule that creates a protected interest and defines the criteria that must be fulfilled before the interest may be defeated. Because the officials violated that rule and the rule was clearly established at the time of the violation, the officials are not entitled to immunity.

The facts in this case are essentially the same as those faced by the Sixth Circuit in *Spruytte.* Although there are slight differences with respect to both the property rights and administrative rules

[3] Although the policy directive in *Schinzel* is not identified by number, it appears from its description to be the same as that involved in this case.

[4] The Sixth Circuit Court of Appeals found as a matter of public record that the Department of Corrections had in fact wilfully and systematically refused to follow state law by repeatedly applying policy directives that were without legal authority. 753 F2d 510.

involved, these differences do not alter the analysis. Accordingly, we likewise find that defendant is not entitled to qualified immunity.

Finally, plaintiff claims that the trial court erroneously concluded that it lacked jurisdiction to grant injunctive relief. In his first amended complaint, plaintiff sought to enjoin defendant from, in essence, refusing to comport with Rule 791.6637(4) in the future. While we agree with plaintiff that the circuit court had jurisdiction to grant injunctive relief, *Sessa v State Treasurer,* 117 Mich App 46, 53; 323 NW2d 586 (1982), we find that the issue is now moot, given that Rule 791.6637(4) was rescinded effective January 2, 1990. See 1989 AACS, R 791.6637.

Reversed and remanded.