959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
David HASKELL, Warden, Defendant-Appellee.
 No. 91-2257.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 1
 Before BOYCE F. MARTIN and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Michael Charles Ward, a pro se Michigan state prisoner, requests initial consideration en banc of this appeal from a judgment for defendant in a civil rights action filed under 42 U.S.C. § 1983. Initial review en banc is disfavored, and finding no exceptional circumstances which warrant granting such consideration, the request is denied. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ward sought injunctive, declaratory, and monetary relief in this action against the defendant warden, challenging the seizure of excess legal property from his cell. According to prison policy, Ward was given a hearing to determine what legal property was necessary to his pending litigation and therefore exempt from the quantity limitation on personal property. He was also granted an appeal from that determination, and ultimately succeeded in having the majority of his property returned. Defendant moved for dismissal or summary judgment, which the magistrate judge recommended be granted. The district court adopted the recommendation over Ward's objections.
 
 
 4
 Upon review, it is concluded that the defendant was properly granted judgment as a matter of law. Ward's reliance on Spruytte v. Walters, 753 F.2d 498, 506 (6th Cir.1985) cert. denied, 474 U.S. 1054 (1986), and Spruytte v. Dep't of Corrections, 459 N.W.2d 52 (Mich.App.1990), is misplaced. In both of those cases, the courts found that a prison policy was contrary to a promulgated rule. This case is distinguishable because there is no contradiction between the policy as applied to Ward and any promulgated rule.
 
 
 5
 The magistrate judge properly determined that the policy in this case was a reasonable limitation on the right of access to the courts, in furtherance of legitimate penological objectives. See Turner v. Safley, 482 U.S. 78, 89 (1987). Moreover, Ward failed to demonstrate that the seizure and hearing procedure challenged here prejudiced any pending suit. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). The court was not required to accept Ward's conclusory allegations. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation