TESSIN v DEPARTMENT OF CORRECTIONS (AFTER REMAND)

Docket No. 126543. Submitted April 10, 1992, at Lansing. Decided December 7, 1992, at 9:40 A.M.

Todd Tessin, a state prison inmate, brought an action in the Ingham Circuit Court against the Department of Corrections, alleging that his forfeiture of 346 days of accumulated disciplinary credits following hearings in which he was found guilty of major misconduct offenses was improper. He alleged that the amendment of the statute authorizing the forfeiture, MCL 800.33(5); MSA 28.1403(5), by 1986 PA 322, which eliminated the requirement of a hearing officer's recommendation, violated the Ex Post Facto and Due Process Clauses of the Michigan and United States Constitutions. The court, Lawrence M. Glazer, J., granted summary disposition for the defendant, finding that, under the facts of this case, the statute did not violate the Ex Post Facto Clauses. The plaintiff appealed. The Court of Appeals, SHEPHERD, P.J., and WAHLS and R. B. BURNS, JJ., agreed that a violation of the Ex Post Facto Clauses had not occurred, but remanded for a determination whether the statute violated the Due Process Clauses. Unpublished opinion per curiam, decided August 9, 1991 (Docket No. 126543). On remand, the trial court ruled that due process requires that a plaintiff be given a written explanation of the reasons for the forfeiture and that the reasons must be based upon the plaintiff's institutional record and the nature of the major misconduct committed. In effect, the court ruled that the statute, as amended, violated due process because it did not require a written explanation by the warden of the reasons for forfeiture. Pursuant to an order of the trial court, the warden then submitted an affidavit stating that his reasons for ordering the forfeiture were 1987 AACS, R 791.5513, which describes the amount of disciplinary credits to be forfeited for given categories of major misconduct violations, and the fact that the

REFERENCES

Am Jur 2d, Constitutional Law § 572; Penal and Correctional Institutions §§ 233-235.

Withdrawal, forfeiture, modification, or denial of good-time allowance to prisoner. 95 ALR2d 1265.

plaintiff had been found guilty of the major misconduct charges following hearings. The trial court then affirmed the forfeiture, finding that citation of the nature of the misconduct and reference to the administrative rule were sufficient to afford the plaintiff due process and that no citation of the plaintiff's institutional record was necessary.

After remand, the Court of Appeals *held:*

1. MCL 800.33(5); MSA 28.1403(5) does not violate due process. The plaintiff was accorded all the process to which he was entitled when hearings regarding the underlying major misconduct charge were conducted. Due process does not require that the plaintiff also should have received a written explanation of the reason for the forfeiture.

2. The statute does not provide the warden with virtually unfettered discretion to impose forfeiture. An order of forfeiture must be based on a review of the prisoner's institutional record, and 1987 AACS, R 791.5513 describes the amount of disciplinary credits to be forfeited for given categories of major misconduct violations.

3. Although due process does not require that a warden provide a written explanation of the reasons for a forfeiture based upon a prisoner's institutional record and the nature of the major misconduct committed, the submission of a written explanation is necessary to enable a trial court to determine whether there was an abuse of discretion by the warden in imposing the forfeiture. The written statement must take into account the prisoner's institutional record and the nature of the major misconduct committed.

4. The warden's explanation did not give the trial court sufficient reasons to determine whether the warden abused his discretion. Citation of the nature of the misconduct and reference to the administrative rule were insufficient to justify the forfeiture, and the warden's affidavit failed to supply the reasons for the forfeiture based upon the plaintiff's institutional record. Remand to the trial court is appropriate for a determination whether the warden abused his discretion in ordering the forfeiture. On remand, the warden must furnish the trial court with a written statement explaining the reasons for the forfeiture that are based upon the plaintiff's institutional record and the nature of the misconduct committed. The trial court should then determine whether the warden abused his discretion by examining whether the reasons based upon the two factors, taken together, offer a rational justification for the forfeiture.

Reversed and remanded.

1. Prisons and Prisoners — Due Process — Forfeiture of Disciplinary Credits — Written Explanations.

The amendment of the statute authorizing a prison warden to order, without a hearing officer's recommendation, the automatic forfeiture of five days of disciplinary credits and the discretion to order a forfeiture of up to two years of accumulated disciplinary credits upon finding a prisoner guilty of a major misconduct charge following a hearing does not violate due process or provide the warden with unfettered discretion; due process does not require that the prisoner receive a written explanation of the reasons for the forfeiture (1986 PA 322, MCL 800.33[5]; MSA 28.1403[5]).

2. Prisons and Prisoners — Due Process — Forfeiture of Disciplinary Credits — Written Explanations.

Due process does not require that a prison warden provide a prisoner a written explanation of the reasons for ordering forfeiture of the prisoner's accumulated disciplinary credits following a hearing and a finding that the prisoner committed a major misconduct offense; however, the submission of a written explanation is necessary to enable a trial court to determine whether there was an abuse of the warden's discretion in the imposition of the penalty; the written statement must take into account the prisoner's institutional record and the nature of the major misconduct committed (1986 PA 322, MCL 800.33[5]; MSA 28.1403[5]).

*John A. Vos,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *George N. Stevenson* and *A. Peter Govorchin,* Assistant Attorneys General, for the defendant.

### AFTER REMAND

Before: SHEPHERD, P.J., and WAHLS and R. B. BURNS,* JJ.

SHEPHERD, P.J. This matter was resubmitted to us after remand to the trial court for a determina-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tion regarding whether the change in the procedure for forfeiting credits under MCL 800.33(5); MSA 28.1403(5), as amended by 1986 PA 322, comports with the Due Process Clauses of the United States and Michigan Constitutions. US Const, Am XIV; Const 1963, art 1, § 17.

In *Tessin v Dep't of Corrections,* unpublished opinion per curiam of the Court of Appeals, decided August 9, 1991 (Docket No. 126543), this Court previously observed:

> Pursuant to [MCL 800.33; MSA 28.1403], a prisoner may earn disciplinary credits for each month served but may also forfeit such credits upon being found guilty of major misconduct. Under [MCL 800.33(5); MSA 28.1403(5)], as it existed prior to its amendment, not only would a prisoner forfeit credits earned during the month in which he was found guilty of major misconduct, but the warden or superintendent could order that he forfeit "all or a portion of the disciplinary credits accumulated prior to the month in which the misconduct occurred." This aspect of subsection (5) was not changed by 1986 PA 322. However, prior to April 1, 1987, the amendment's effective date, an order forfeiting accumulated disciplinary credits was required to be "based upon the recommendation of a hearing officer and a review of the prisoner's institutional record." The amendment eliminated the requirement of a hearing officer's recommendation.

Following this Court's remand, both parties filed their respective arguments with the trial court. On February 7, 1992, the trial court ruled:

> Due process requires that Plaintiff be entitled to a written explanation of the reason for this forfeiture of accumulated disciplinary credits which reason or reasons must be based upon Plaintiff's

institutional record and the nature of the major misconduct committed. Without such minimum procedures, the warden would have unfettered discretion.

Pursuant to the trial court's order, Warden John Jabe then submitted an affidavit stating that his reasons for ordering the forfeiture of a total of 346 days of disciplinary credits were based on 1987 AACS, R 791.5513, effective May 7, 1987, and that plaintiff had been found guilty of substance abuse and possession of dangerous contraband following separate hearings regarding these charges.

In its opinion and order on remand, dated March 16, 1992, the trial court affirmed the forfeitures and granted summary disposition to defendant. The trial court remarked:

> The Court concludes that the warden's discretion is not unfettered; it is restricted by the rule. In this case the warden has cited the rule in his written reasons for the forfeitures.
>
> Since the rule does authorize the forfeitures which were made in this case, no further citation to the Plaintiff's institutional record was necessary. Citation to the nature of the misconducts and reference to the rule was [sic] enough to afford Plaintiff due process of law.

I

As indicated, the question on remand was whether MCL 800.33(5); MSA 28.1403(5), as amended, which eliminated the requirement of a hearing officer's recommendation, comported with due process. With regard to that question, the trial court determined that due process requires that the warden provide a written explanation of the reasons for forfeiture of accumulated disciplinary

credits based upon plaintiff's institutional record and the nature of the misconduct committed. Although not directly answering the question on remand, the trial court all but ruled that the statute, as amended, violated due process. We disagree.

In *Spruytte v Dep't of Corrections,* 184 Mich App 423, 432; 459 NW2d 52 (1990), this Court observed:

> In *Hewitt* [*v Helms,* 459 US 460, 472; 103 S Ct 864; 74 L Ed 2d 675 (1983)], the Court stated that the requirements of the Due Process Clause are "flexible and variable dependent upon the particular situation being examined," and, quoting *Wolff v McDonnell,* 418 US 539, 560; 94 S Ct 2963; 41 L Ed 2d 935 (1974), stated "one cannot automatically apply procedural rules designed for free citizens in an open society . . . to the very different situation presented by a disciplinary proceeding in a state prison."

Although nothing in the United States Constitution requires the granting of good-time credits, once a state adopts good-time provisions and a prisoner earns credit, the deprivation of that good-time credit constitutes a substantial sanction, and a prisoner can properly claim that a summary deprivation of good-time amounts to a deprivation of liberty without due process of law. *Wolff, supra.* Because the state adopted good-time or disciplinary credits, as provided in MCL 800.33; MSA 28.1403, plaintiff could not be deprived of his protected liberty interest in accumulated disciplinary credits without due process of law.

Under the previous statute, the forfeiture of accumulated disciplinary credits, as well as the automatic forfeiture of five days of credit upon being found guilty of a major misconduct charge,

required the recommendation of a hearing officer, whose finding provided the basis for any such forfeiture at the hearing regarding the major misconduct charge. We find that the amended statute eliminating the hearing officer's recommendation does not violate due process because plaintiff is still entitled to a hearing regarding the underlying major misconduct charge as required by *Wolff.* *Pfefferle v Corrections Comm,* 86 Mich App 366, 370-371; 272 NW2d 563 (1976). In this case, separate hearings were held at which plaintiff was found guilty of two major misconduct charges. Because these proceedings satisfied *Wolff,* we conclude that plaintiff was accorded all the process to which he was entitled.

We further note that, contrary to the trial court's opinion, the amended statute does not provide the warden with virtually unfettered discretion to impose the additional forfeiture penalty, and, therefore, does not violate due process in that respect. As set forth in § 33(5), "[a]n order forfeiting accumulated disciplinary credits *shall be based upon a review of the prisoner's institutional record.*" (Emphasis provided.) Further, Rule 791.5513, effective May 7, 1987, describes the amount of disciplinary credits to be forfeited for given categories of major misconduct violations. Rule 791.5513(1)(b)(x) provides that up to two years of credits may be forfeited for a substance abuse misconduct. In light of these conditions, it is clear that the warden does not have "unfettered" discretion. When we combine the statute, MCL 800.33(5); MSA 28.1403(5), with the above-cited rule, we see that the trial court was correct in holding that the warden is to take into account both the nature of the major misconduct and the institutional record of the prisoner. This is nothing more than an

attempt to tailor the punishment to the offense and the offender.

In this connection, both parties rely upon *Spruytte, supra,* where this Court recently considered the due process that may be due a prisoner before being deprived of a protected property interest in a computer. In *Spruytte,* p 432, this Court held that "due process may be satisfied with a written response to plaintiffs' or similarly situated individuals' requests as long as the reply, if a denial, states the reasons for the denial and the reasons are based on the criteria of [1979 AC, R 791.6637(4)]."

We believe the parties' reliance on *Spruytte* to be misplaced. Unlike this case, the plaintiffs in *Spruytte* were not entitled to a hearing pursuant to the statute in question, MCL 791.251; MSA 28.2320(51), and thus the question in that case was what procedural due process was required before the plaintiffs could be deprived of their property interest in a computer. In this case, plaintiff was entitled to, and received, hearings regarding the underlying major misconduct charges, and thus received all the due process to which he was entitled. Due process does not require that plaintiff also receive a written explanation of the reason for this forfeiture of accumulated disciplinary credits.

II

Although due process does not require that the warden provide a written explanation of the reasons for this forfeiture of accumulated disciplinary credits based upon the plaintiff's institutional record and the nature of the major misconduct committed, we nonetheless believe that the submission of a written explanation is necessary to enable the

trial court to determine whether the warden abused his discretion in imposing a penalty under the statute and the administrative rule. As the trial court noted, the submission of a written statement containing reasons for the forfeiture must take into account plaintiff's institutional record and the nature of the major misconduct committed. We further note that submission of a written explanation allows the trial court to give meaningful review of the warden's decision to take away good-time credits.

In reviewing whether the warden abused his discretion, the trial court must determine if the warden had sufficient justification for his action. The warden must give reasons, which are neither improper nor wrong, for ordering the forfeiture of accumulated disciplinary credits. Thus, the warden, in making a determination to order the forfeiture of good-time credit for a major misconduct offense, must reflect a proportionality standard by tailoring the forfeiture to the seriousness of the offense and the institutional record of the offender so as to make distinctions among prisoners that are based upon rational factors. Otherwise, a model prisoner who has been in prison a long time and commits his first major misconduct violation could be treated no differently than a fellow prisoner who had accumulated many serious violations during the same period.

III

Having concluded that the change in the procedure of forfeiting credits under § 33(5), as amended, does not violate plaintiff's due process rights and that the warden must submit a written explanation of the reasons for the forfeiture to allow the trial court to determine whether the

warden abused his discretion in imposing a penalty, we conclude that the warden's explanation did not give the trial court sufficient reasons that would allow the court to determine whether the warden abused his discretion in ordering the forfeiture of a total of 346 days of disciplinary credits under MCL 800.33; MSA 28.1403. In this case, mere citation to the nature of the misconducts and reference to the administrative rule were not sufficient to justify the forfeiture of this number of disciplinary credits. Even though required by the trial court's order, the warden's affidavit failed to supply the trial court with sufficient reasons to justify this forfeiture of accumulated disciplinary credits based upon plaintiff's institutional record. Moreover, the trial court erred when it stated that reference to the administrative rule was sufficient to justify the forfeiture. As clearly stated in § 33(5), the forfeiture in question is not mandatory and may be imposed in addition to mandatory penalties for a major misconduct violation. Upon conviction of a major misconduct violation, a prisoner automatically forfeits five disciplinary credits. *Id.* Administrative Rule 791.5513(1)(b), which was promulgated to implement § 33(5), allows the warden to order the forfeiture of up to two years of accumulated disciplinary credits. This is not a mandatory penalty. Contrary to the trial court's statement in its order and opinion, it is the statute, not the administrative rule, that authorizes the forfeiture. Although the rule provides the maximum amount of disciplinary credits that may be forfeited for a particular major misconduct violation, it is still up to the warden to determine whether to invoke this optional penalty, and it is also within his discretion to decide how much time within the two-year maximum is to be forfeited. Because the warden must take the institutional

record into account, the trial court must be informed of what in this prisoner's institutional record motivated the warden to order the forfeiture of the specific number of days involved in this case.

Accordingly, we reverse and remand to the trial court for a determination whether the warden abused his discretion in ordering the forfeiture of plaintiff's accumulated disciplinary credits under MCL 800.33(5); MSA 28.1403(5) and Administrative Rule 791.5513(1)(b). On remand, the warden should furnish the trial court with a written statement explaining the reasons for the forfeiture that are based upon both the plaintiff's institutional record and the nature of the misconducts committed. The trial court should then determine whether the warden abused his discretion by examining whether the reasons based upon these two factors, taken together, offer a rational justification for the forfeiture.

Reversed and remanded for further proceedings consistent with this opinion. We retain jurisdiction.