WOJNICZ *v.* DEPARTMENT OF CORRECTIONS

1. CONSTITUTIONAL LAW—TAKING PROPERTY—DUE PROCESS.
   A person cannot be deprived of his property by state action without due process of law; minimum standards of due process require reasonable notice and an opportunity to be heard before property is taken.

2. PRISONS—PRISONERS—CONSTITUTIONAL RIGHTS—PRISON REGULATIONS.
   A prisoner in a state prison does not enjoy the full benefit of federal and state procedural safeguards; however, a prisoner cannot be denied *in toto* his constitutional rights merely because of the need to regulate prison conduct.

3. PRISONS—PRISONERS—CONSTITUTIONAL RIGHTS—PRISON REGULATIONS—COURT'S INTERVENTION.
   A showing of "constitutional deprivations" necessitates the intervention of the courts even in the area of prison regulations and policy.

4. PRISONS—PRISONERS—TAKING PROPERTY—DUE PROCESS—PRISON REGULATIONS.
   The Department of Corrections may not appropriate funds from an inmate's account without giving him reasonable notice and a hearing; the authority to impose reasonable regulations on the conduct of inmates does not allow the Department of Corrections to deny a prisoner his constitutional rights *in toto*.

Original action in the Court of Appeals. Submitted Division 2 March 2, 1971, at Grand Rapids. (Docket No. 9670.) Decided March 29, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 560 *et seq.*
[2–4] 21 Am Jur 2d, Criminal Law § 616 *et seq.*

Complaint in the Court of Appeals by Kenneth M. Wojnicz, a prison inmate, against the Department of Corrections for mandamus compelling the return of money to Wojnicz's account. Show cause order issued. Writ granted.

Kenneth M. Wojnicz, *in propria persona*.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Solicitor General, for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

FITZGERALD, P. J. This is an original action by Kenneth M. Wojnicz, an inmate at the state prison at Marquette, seeking a writ of mandamus against the Michigan Department of Corrections. The complaint was filed in June 1970 and on August 25, 1970, this Court entered an order to show cause why certain funds removed from petitioner's prison account should not be returned.

Most of the facts are set forth in the affidavit of John R. Mills, business manager of Jackson State Prison. In July 1966, petitioner was incarcerated in Jackson prison for a term of 3 to 15 years. A check drawn upon the United States Treasury payable to "Kenneth M. and Elizabeth Wojnicz," representing an income tax refund in the amount of $225.50 was presented by petitioner to John R. Mills at Jackson prison. The instrument which already bore the signature of Elizabeth Wojnicz was then indorsed by petitioner and the full amount of $225.50 was credited to Wojnicz's account in the inmates' account ledger and deposited in the institution's special account in the National Bank of

Jackson. In August 1966, petitioner and his account records were transferred to the state prison at Marquette.

Subsequently, in the early part of 1970, Elizabeth Wagner, petitioner's former wife, presented a claim against the government for $112.75 which represented her share of the proceeds of the income tax refund, claiming that her signature had been forged upon the instrument. As a result of this claim, the United States Treasury Department instituted reclamation proceedings against the Jackson prison as last indorser on the allegedly forged instrument. In April 1970, respondent paid $225.50 out of the inmates' benefit fund as restitution to the treasury. On or about May 8, 1970, petitioner's share of the proceeds, $112.75, was returned to the prison by the treasury.

The sole issue is whether the Corrections Department may appropriate funds from an inmate's account in the absence of notice and a hearing. Petitioner contends that he is being deprived of his property, which amounts to $112.75, without due process of law. He argues that the Corrections Department under the guise of reasonable regulation of state prisoners has, in effect, determined him to be a forger, without ever charging him with an act of forgery, by virtue of the appropriation of the amounts in question from his account.

It is the position of the Corrections Department that Wojnicz owed it $112.75 which it had previously removed from the inmates' benefit fund to pay off the amount of the check reclaimed by the Treasury Department.

It has long been a basic legal principle within this country that one cannot be deprived of his property by state action without due process of law.[1] In

---

[1] Const 1963, art 1, § 17, and US Const, Am 14.

*Rassner* v. *Federal Collateral Society, Inc.,* (1941), 299 Mich 206, 220, the Supreme Court characterized the importance of "due process" as applied to property rights by stating:

" 'Without the guaranty of "due process" the right of private property cannot be said to exist, in the sense in which it is known to our laws.   The principle, known to the common law before Magna Charta, was embodied in that character (Coke, 2d Inst. 45, 50), and has been recognized since the Revolution as among the safest foundations of our institutions.   Whatever else may be uncertain about the definition of the term "due process of law," all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and without notice or an opportunity for a hearing.' *Ochoa* v. *Hernandez* [1912], 230 US 139, 161 (33 S Ct 1033, 57 L Ed 1427)."

Therefore, it becomes apparent that minimum standards of due process would require reasonable notice as well as an opportunity to be heard before one is deprived of his property rights. *Ridenour* v. *County of Bay* (1962), 366 Mich 225; *Trellsite Foundry & Stamping Company* v. *Enterprise Foundry* (1961), 365 Mich 209.   Petitioner now claims that he had no knowledge of the actions taken against his account until May 12, 1970, when prison officials informed him both of his $112.75 "debt" to the inmates' benefit fund and of their intent to remove one-half of all amounts received by petitioner until he had satisfied the alleged obligation.

Defendant presently seeks to justify its actions by reliance on those cases which uphold the right of prison authorities to impose reasonable regulations upon the conduct of inmates.   In addition, considerable emphasis is placed on *Kimble* v. *State*

*of Michigan Corrections Department* (ED Mich, 1968) 300 F Supp 1122, *aff'd* (CA6, 1969) 411 F2d 990, where the Federal district court upheld a confiscation by prison officials of contraband money. These cases are easily distinguished and, therefore, not applicable to the case at hand. In *Kimble,* an inmate, in violation of prison regulations, possessed $350 in cash which he claimed was obtained through the sale of cigarettes. The prison disciplinary board conducted a hearing, at which time prison officials as well as the inmate offered their statements and the board rendered a decision. The district court held that the confiscation was within the disciplinary discretion of the prison officials. In the present case, no such hearing was granted, nor was the petitioner notified of the confiscation from the inmates' fund until it actually occurred.

As a result of petitioner's incarceration within the State Prison, he does not enjoy the full benefit of Federal and State procedural safeguards. However, he should not be denied *in toto* his constitutional rights merely because of the need to regulate prison conduct. An individual's rights should not be so easily disregarded, and as noted in *Nolan* v. *Scafati* (D Mass, 1969), 306 F Supp 1, a bare minimum of due process is required which, if applied to the facts of the case at hand, would take the form of notice to petitioner as well as a hearing. While the courts generally refuse to interfere with prison regulations and policy, a showing of "constitutional deprivations" necessitates the courts' intervention. *Vida* v. *Cage* (CA6, 1967), 385 F2d 408.

Therefore, the writ of mandamus is granted and defendant ordered to return all amounts appropriated from plaintiff's account and the claim on the alleged debt for the remaining $79.25, or for the total amount claimed, being $112.75, shall be pursued

in accordance with standards of due process. The request for interest is not granted, such being considered *de minimis*.

No costs allowed, petitioner having paid no fees, being a prisoner indigent and appearing *in propria persona*.

All concurred.