*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARY JACKSON,

        Plaintiff-Appellant,

v

DIRECTOR OF DEPARTMENT OF
CORRECTIONS,

        Defendant-Appellee.

FOR PUBLICATION
August 13, 2019
9:05 a.m.

No. 342882
Ingham Circuit Court
LC No. 17-000853-AA

Before: M. J. KELLY, P.J., and BOONSTRA and RIORDAN, JJ.

BOONSTRA, J.

Plaintiff appeals by delayed leave granted[1] the trial court's order dismissing for lack of subject-matter jurisdiction his appeal of a Michigan Department of Corrections (MDOC) misconduct ruling. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff is an inmate confined at Ojibway Correctional Facility. In 2017, MDOC employees concluded that plaintiff had received an unauthorized transfer of funds to his prisoner account by another prisoner, in violation of MDOC policy. Plaintiff was charged with Class II misconduct. After an informal hearing at which plaintiff pleaded not guilty, an MDOC hearing officer found plaintiff guilty of Class II misconduct and sanctioned plaintiff with a loss of privileges for 15 days and the confiscation of $250 from his prisoner account.[2] Plaintiff appealed the ruling to the deputy warden, arguing in part that plaintiff's right to procedural due process had been violated and that the violation resulted in his loss of property. The deputy warden

---

[1] *Jackson v Dep't of Corrections*, unpublished order of the Court of Appeals, entered August 22, 2018 (Docket No. 342882).

[2] MDOC represents that, in accordance with Mich Admin Code, R 791.6639, the funds were confiscated and placed in a prisoner benefit fund.

denied his appeal. Plaintiff then appealed to the trial court, again asserting that his constitutional right to due process had been violated and that the violation had unconstitutionally deprived him of property. The trial court dismissed plaintiff's appeal for lack of subject-matter jurisdiction, stating that only Class I misconduct findings were subject to judicial review, citing an unpublished opinion of this Court. The trial court denied plaintiff's motion for reconsideration.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo as a question of law whether a trial court has subject-matter jurisdiction over a claim. *Harris v Vernier*, 242 Mich App 306, 309; 617 NW2d 764 (2000).

## III. ANALYSIS

Plaintiff's argues that the trial court erred by concluding that it lacked subject-matter jurisdiction over his appeal. We agree.

"Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case." *Forest Hills Co-operative v Ann Arbor*, 305 Mich App 572, 617; 854 NW2d 172 (2014). Michigan's circuit courts are courts of general jurisdiction. *Okrie v Michigan*, 306 Mich App 445, 467; 857 NW2d 254 (2014).

The trial court held that it lacked subject-matter jurisdiction because Class II prisoner misconduct rulings are not subject to judicial review. Citing an unpublished decision of this Court, the trial court reasoned that plaintiff's loss of privileges for 15 days did not amount to the loss of good time or disciplinary credits, which are judicially reviewable. The trial court did not consider, however, plaintiff's claimed loss of property or whether the circumstances of this case gave rise to a constitutional right of judicial review; nor did the unpublished decision on which the trial court relied have occasion to address those issues.[3]

The Michigan Constitution provides for judicial review of administrative decisions:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . . [Const 1963, Art 6, § 28.]

---

[3] The unpublished decision cited by the trial court related to a loss of privileges; it did not involve a confiscation of property.

As this Court explained in *Martin v Stine*, 214 Mich App 403, 407-408; 542 NW2d 884 (1995), three statutes effectuate this right to judicial review as it relates to a prisoner misconduct appeal: (1) MCL 791.255, which relates specifically to judicial review of MDOC hearing officer decisions, (2) MCL 24.301 of the Administrative Procedures Act of 1969 (APA), MCL 24.201 *et seq.*, and (3) MCL 600.631 of the Revised Judicature Act of 1961 (RJA), MCL 600.101 *et seq.*, which states:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

In *Martin*, this Court held that a prisoner was not entitled to judicial review of a minor misconduct sanction under MCL 791.255 because "minor misconduct charges that would not result in a loss of good time or disciplinary credits, or placement in punitive segregation, are specifically excluded from those matters in which a prisoner is entitled to a hearing . . . ." *Martin*, 214 Mich App at 408-409. Moreover, he was not entitled to judicial review of the minor misconduct sanction under the APA because the prisoner did not have a right to a formal evidentiary hearing with respect to his minor misconduct charge and there was therefore not a "contested case." Further, in the circumstances of that case, he was not entitled to judicial review under the RJA because the Legislature was entitled to "preclude judicial review where constitutional rights are not implicated," *Martin*, 214 Mich App at 411, and because it had in fact done so.

The Court in *Martin* stressed, however, that "[i]n rendering this decision, we are mindful of the constitutional right to the review of agency decisions under Const 1963, Art 6, § 28," *id*. at 414. But it concluded under the circumstances of that case that the constitutional right was inapplicable because the plaintiff's "minor misconduct charge did not 'affect private rights or licenses.' " *Id*.

The MDOC in *Martin* had confiscated merchandise from the plaintiff's cell that he had purchased and possessed in violation of MDOC policy. But unlike in this case, the confiscated property had been mailed to the plaintiff's home, not permanently taken from him. Under those circumstances, the *Martin* Court concluded that the confiscation of property that was mailed to the prisoner's home did not trigger the constitutional jurisdictional provision, Const 1963, art 6, § 28. *Id*. at 414-415.

The Due Process Clause applies to prisoners, and "[t]hey may not be deprived of life, liberty, or property without due process of law." *Wolff v McDonnell*, 418 US 539, 556; 94 S Ct 2963; 41 L Ed 2d 935 (1974). This right, however, is "subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. The protected interest at stake must be rooted in state law. *Meachum v Fano*, 427 US 215, 226; 96 S Ct 2532; 49 L Ed 2d 451 (1976), reh den 429 US 873; 97 S Ct 191; 50 L Ed 2d 155 (1976).

*Martin* did not address whether the permanent confiscation of funds in a prisoner account implicated a property right. However, in *Wojnicz v Dep't of Corrections*, 32 Mich App 121, 123, 125; 188 NW2d 251 (1971),[4] this Court did recognize a prisoner's right to funds in his prisoner account, holding that the confiscation of funds from that account without notice and hearing deprived the prisoner of due process of law. Since *Wojnicz*, this Court and the Legislature have recognized that a prisoner has a protected right to funds in his prisoner account in the context of state claims for reimbursement. See, e.g., *State Treasurer v Snyder*, 294 Mich App 641, 643-644, 650; 823 NW2d 284 (2011); see also the State Correctional Facility Reimbursement Act, MCL 800.401 *et seq.* (requiring the state to give an inmate notice and the opportunity to respond to the state's complaint for reimbursement). The Michigan Administrative Code also provides support for the idea that a prisoner has a property interest in the funds in his account. See Mich Admin Code, R 771.6639.

We conclude that plaintiff possessed a right to the funds in his account in such a nature as would afford to the trial court subject-matter jurisdiction to review administrative decisions affecting the loss of that right. See Const 1963, Art 6, § 28. Although plaintiff was not found guilty of Class I misconduct, the sanctions nonetheless resulted in the permanent deprivation of property; unlike the prisoner in *Martin*, his property was not merely removed from his cell and returned to his home; nor was he subject to the mere loss or suspension of privileges that we have found to be unreviewable. Our decision in *Martin* resulted not merely from the label given to the misconduct charge, but was informed by the generally transitory nature of the sanctions for minor misconducts and the absence in that case of any deprivation of constitutional rights. *Martin*, 214 Mich App at 411, 414 (noting that judicial review of an administrative decision may be precluded "where constitutional rights are not implicated" and concluding that the minor misconduct charge at issue "did not affect private rights or licenses"), citing Const 1963, Art 6, § 28.[5] Consequently, we conclude that the trial court erred by applying the major-minor conduct distinction too formulaically and without consideration of the constitutional issues presented.

For these reasons, we reverse the trial court's order dismissing plaintiff's appeal and remand for further proceedings. We express no opinion regarding the ultimate success or failure of plaintiff's appeal before the trial court, but only conclude that the trial court possessed subject-matter jurisdiction over the appeal.

---

[4] Opinions from this Court issued before November 1, 1990 are not binding upon this Court, but may be persuasive. See MCR 7.215(J)(1).

[5] We note that plaintiff does not argue specifically that he was denied due process in connection with his loss of privileges for 15 days; nor, under *Martin*, is that sanction subject to judicial review. *Martin*, 214 Mich App at 408-409. Consequently, on remand, any relief that the trial court may grant to plaintiff would only relate to the confiscation of funds from his prisoner account.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Michael J. Riordan