985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E. Chris WEHNER, Plaintiff-Appellant,
v.
Jack C. LEWIS, Commissioner of Kentucky Corrections Cabinet;
Dewey Sowders, Deputy Commissioner of Kentucky
Corrections Cabinet and Warden of
Northpoint Training Center,
Defendants-Appellees.
 No. 92-5793.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant, a pro se Kentucky prisoner, appeals from the dismissal of his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Plaintiff moves for the appointment of counsel on appeal.
 
 
 2
 Plaintiff's complaint alleged a denial of his First Amendment right to access the courts. Specifically, plaintiff complains of a Kentucky Corrections Cabinet policy that does not allow prisoners to possess typewriters with a memory and that only allows legal aids and grievance aids to use the prison's typewriters. The magistrate judge's report and recommendation concluded that plaintiff's claim had no arguable basis in law and recommended that the case be dismissed pursuant to 28 U.S.C. § 1915(d).
 
 
 3
 Plaintiff filed objections and also moved for leave to amend his complaint.
 
 
 4
 The district court adopted the magistrate judge's report and recommendation as the opinion of the district court. Further, the district court held that because no suspect class was involved and because a rational basis existed for the prison's policy, plaintiff would be unable to prevail on his equal protection claim, and therefore, his motion to amend was denied.
 
 
 5
 A prisoner's access to the courts must be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977). Although plaintiff alleges a denial of access to the courts, his complaint is little more than an assertion of a right to possess and use a typewriter. This argument is meritless. As stated in Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985), "prison regulations which reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of legal papers do not transgress the constitutionally protected rights so long as the regulations do not frustrate access to the courts." Plaintiff did not allege that his right of access was denied in any specific case.
 
 
 6
 A denial of a motion to amend a complaint is reviewed under the abuse of discretion standard. United States v. Wood, 877 F.2d 453, 456 (6th Cir.1989). Further, a motion to amend is properly denied if the amended pleading would not withstand a motion to dismiss. Head v. Jellico Hous. Auth., 870 F.2d 1117, 1124 (6th Cir.1989). We are satisfied that plaintiff's complaint as amended would not have withstood a motion to dismiss, and that the district court did not abuse its discretion.
 
 
 7
 Accordingly, the order of the district court dismissing plaintiff's complaint is affirmed, and plaintiff's motion to appoint counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.