**Floyd J. SPRUYTTE, Plaintiff,**

v.

**Anthony GOVORCHIN, et al., Defendants.**

**No. 4:95–CV–208.**

United States District Court, W.D. Michigan, Southern Division.

March 26, 1997.

See also: 190 Mich.App. 127, 475 N.W.2d 382.

Floyd J. Spruytte, Jr., New Haven, MI, pro se.

Christine M. Campbell, Frank J. Kelley, Attorney General, Corrections Division, Lansing, MI, for Defendants.

## OPINION

HILLMAN, Senior District Judge.

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's objections to the magistrate judge's Report and Recommendation ("R & R") recommending that this court grant defendants' motion to dismiss and/or for summary judgment. Having reviewed those objections, I accept the recommendation of the magistrate judge and **GRANT** defendants' motion.

## BACKGROUND

As the magistrate judge noted, the instant case arises out of a lengthy state court action, *Spruytte v. Owens,* in which plaintiff sued a Michigan Department of Corrections ("MDOC") official to be allowed a particular word processor, the Smith Corona Model PWP–80 ("PWP–80"). Defendants in the instant case are the Assistant Attorney General representing defendant in *Spruytte v. Owens* (defendant Govorchin) and the Hearings

Administrator for the Office of Policy and Hearings for the MDOC (defendant Stapleton).

After the MDOC refused to allow plaintiff to receive the PWP–80, plaintiff brought suit against MDOC official Owens, alleging that he had a due process property interest in receiving the word processor. The Ionia County Circuit Court dismissed the case on the basis of absolute immunity. Plaintiff appealed, and the Michigan Court of Appeals held that defendant was not entitled to absolute immunity. The court went on to find that plaintiff had a property interest in receiving the PWP–80. *Spruytte v. Owens,* 190 Mich.App. 127, 475 N.W.2d 382 (1991).

On remand, the circuit court granted summary judgment to defendant. Plaintiff again appealed. On May 31, 1994, the Michigan Court of Appeals concluded that its earlier opinion constituted law of the case, and remanded for entry of an order directing defendant to permit plaintiff to possess the "subject word processor." *Spruytte v. Owens,* No. 155278 (Mich.App. May 31, 1994). On remand, the circuit court entered such an order.

By the time plaintiff prevailed on appeal, however, the PWP–80 was no longer being manufactured. As a result, plaintiff engaged in renewed disputes with the MDOC concerning whether he was entitled to receive a particular replacement model of word processor (Brother model 9000) as the functional equivalent of the word processor the court of appeals determined he was entitled to receive. On September 27, 1994, plaintiff had the Brother 9000 delivered to the Lakeland Correctional Facility. On October 4, 1994, a hearing officer rejected the Brother 9000 on the basis that it had neither been purchased within the requirements of the department nor constituted the court-ordered model. Plaintiff did not appeal the hearing officer's decision. Instead, plaintiff moved for an order of contempt in the *Spruytte v. Owens* case.

Before a contempt proceeding was held, plaintiff entered into an agreement settling his state court lawsuit. In that settlement agreement, plaintiff stipulated that the particular word processor referenced in the appellate court order and subsequent circuit court order was the PWP–80, which was no longer manufactured. The parties also stipulated that a third model (the Brother WP–1700–MDS) was comparable to the PWP–80. Finally, the parties agreed to a sum of damages and attorney fees to compensate for the harm suffered by plaintiff. Plaintiff further agreed that the settlement served as a compromise of the claims and defenses of the then-pending litigation and discharged defendant Owens from all claims known and unknown. The full text of the agreement is set forth on pages 6–7 of the magistrate judge's R & R.

On December 4, 1994, the state court action was dismissed with prejudice pursuant to the settlement stipulation. Two days after entry of that order, plaintiff filed the instant action.

In his present complaint, plaintiff alleges that defendants predetermined the outcome of the hearing officer's decision by ordering the hearing officer to reject the Brother 9000. He alleges that defendants' action constituted a violation of his right of access to the courts and that defendants took the action in retaliation for plaintiff's exercise of his First Amendment right to file a lawsuit in *Spruytte v. Owens.*

Defendants have moved to dismiss and/or for summary judgment. The magistrate judge recommended that defendants' motion be granted. Plaintiff has filed timely objections to that recommendation.

## STANDARD OF REVIEW

This court reviews *de novo* those portions of the report and recommendation to which timely objections are made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. *Id.*

On a motion for summary judgment, the court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538

(1986). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate that there exists a genuine issue for trial. *Id.*

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his claim. *Id.* After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)). " '[D]iscredited testimony is not [normally] considered a sufficient basis' " for defeating the motion. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512, 104 S.Ct. 1949, 1966, 80 L.Ed.2d 502 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553; *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1356; *Street*, 886 F.2d at 1480.

On a motion under Fed.R.Civ.P. 12(b)(6), the determination of whether a complaint states a claim for relief is a question of law. *Phoenix Engineering, Inc. v. MK–Ferguson of Oak Ridge Co.*, 966 F.2d 1513, 1516 (6th Cir.1992), *cert. denied*, 507 U.S. 984, 113 S.Ct. 1577, 123 L.Ed.2d 146 (1993). In deciding a motion to dismiss, this court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would

entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997). A complaint need only give fair notice of what plaintiff's claim is and the grounds upon which it rests. *Andrews*, 104 F.3d at 806. A judge may not grant a Fed.R.Civ.P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. *Id.* While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (internal citations omitted).

### DISCUSSION

Defendant raises numerous objections to the R & R. First, he contends that the magistrate judge erred by adopting the facts as stated by defendants, rather than considering those facts in the light most favorable to plaintiff. Second, plaintiff complains that the magistrate judge erred in concluding that plaintiff failed to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) on his allegation that he was denied his right of access to the courts. Third, plaintiff objects to the magistrate judge's recommendation that plaintiff's demands for injunctive relief be dismissed as moot. Fourth, plaintiff objects to the magistrate judge's recommendation that defendant Govorchin be granted summary judgment on the basis of qualified immunity. Fifth, plaintiff objects to the grant of summary judgment to defendants before allowing plaintiff discovery. Sixth, plaintiff objects to the magistrate judge's decision to the extent that it concludes he failed to state a claim of retaliation. Seventh, plaintiff claims that the facts alleged have stated a claim of denial of procedural due process and that he should be allowed to amend his complaint for a second time to incorporate that claim.

Because several of plaintiff's objections overlap or affect multiple issues in the R & R, I will address each objection in the specific context of plaintiff's individual claims as set

forth in the R & R. I observe, however, that, with the exception of certain admissions by plaintiff himself in the underlying litigation, I have accepted plaintiff's allegations as true. Plaintiff has suggested no facts beyond his allegations that he believes additional discovery would disclose. Accordingly, this matter is ripe for review prior to discovery.

### A. *Claims for Injunctive and Declaratory Relief*

The magistrate judge recommended dismissing all claims for declaratory and injunctive relief as those claims previously had been adjudicated by the settlement of the *Spruytte v. Owens* case, which resolved all issues regarding the word processor. Plaintiff objects that not all potential injunctive relief was addressed by the underlying settlement. Specifically, plaintiff contends that he is entitled to challenge the policy and practice of the department in reaching decisions in cases before the hearings have been conducted.

Under Michigan law, a voluntary dismissal with prejudice is a final judgment with *res judicata* effect. *Brownridge v. Michigan Mut. Ins. Co.*, 115 Mich.App. 745, 321 N.W.2d 798, 799 (1982). The stipulation and dismissal fully resolved all issues concerning plaintiff's use and possession of a word processor. Having obtained relief for his own interests, plaintiff has no standing to bring claims based on the permissibility of word processors. *See Lewis v. Casey*, —— U.S. ——, ——, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996) ("It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered or will suffer, actual harm; it is not the role of courts, but that of political branches to shape the institutions of government in such fashion as to comply with the laws and the Constitution.").

Plaintiff also seeks a permanent injunction that the MDOC refrain from due process violations in deciding issues before hearings. Plaintiff contends that the allegation that the MDOC decided the result of his grievance in the advance of hearing supports the inference that the MDOC decides many or all such hearings in advance of their being held. He asserts the right to conduct discovery on such claims.

The remedy plaintiff seeks, a broad permanent injunction, is unavailable absent "the most 'extraordinary circumstances.'" *Lewis,* —— U.S. at ——, 116 S.Ct. at 2198 (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137, 97 S.Ct. 2532, 2544, 53 L.Ed.2d 629 (1977)). Moreover, plaintiff must at a minimum establish a constitutional deprivation in the first instance. For the reasons set forth below, I conclude that plaintiff has failed to state a claim for relief.

### B. *Interference With Access to the Courts*

The magistrate judge recommended dismissal of plaintiff's claim that he was denied access to the courts when he was deprived of the word processor of his choice. As the magistrate judge correctly determined, the state is required only to ensure a reasonably adequate opportunity to present claimed violations of fundamental rights to the court. See *Lewis,* —— U.S. at ——, 116 S.Ct. at 2180 (holding there exists no free-standing right to particular resources, but only the right to have "meaningful access to courts"); *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Walker v. Mintzes,* 771 F.2d 920, 931–32 (6th Cir.1985). This circuit repeatedly has held that denial of a right of access to a typewriter or word processor is not a denial of access to the courts. *See, e.g., Wehner v. Lewis,* No. 92–5793, 1993 WL 22435, at * 1 (6th Cir. Feb.2, 1993) (affirming dismissal where right of access alleged to be denied by refusal to allow use of typewriter).

In his objections, plaintiff apparently now concedes that he was not entitled to a word processor as an incident of his right of access to the court. Instead, plaintiff claims that his right of access was impaired in the *Spruytte v. Owens* case by a pre-hearing decision to deny the replacement word processor. Plaintiff also apparently claims that his right of access was impaired by defendants' refusal to comply with the order of the Michigan Court of Appeals to allow plaintiff a word processor.

■ As the magistrate judge held, plaintiff's right of access to the court does not create a right to bring an independent lawsuit to complain of noncompliance with state court orders in the prior litigation. Plaintiff's remedy was to seek a finding of contempt in the state court. Plaintiff elected instead to settle his state court claim, thereby abandoning his request for an order of contempt. Plaintiff is not entitled to collaterally attack in federal court the decisions of a state court. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1314–17, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (federal review of final determinations in state judicial proceedings may be obtained only in United States Supreme Court); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.), *cert. denied,* 474 U.S. 824, 106 S.Ct. 79, 88 L.Ed.2d 65 (1985).

■ Moreover, plaintiff's settlement of his underlying lawsuit bars his claim that his right of access was impaired in that litigation. Plaintiff can allege no harm to the *Owens* litigation caused by these defendants' actions. Plaintiff was able to and did seek a contempt order. A decision on the question of contempt was not barred by defendants' interference with getting the word processor, but instead by plaintiff's decision to settle that litigation.

Accordingly, plaintiff has failed to state a claim for interference with his right of access to the courts.

## C. *Retaliation*

Plaintiff also alleges that his First Amendment rights were violated when he was retaliated against by defendants for filing the lawsuit in *Spruytte v. Owens.* The magistrate judge held that defendants were entitled to summary judgment on the basis of qualified immunity.

■ The doctrine of qualified immunity protects government officials in civil cases from liability for damages if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitz-*

*gerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Rich v. City of Mayfield Heights,* 955 F.2d 1092, 1094 (6th Cir.1992). For a right to be "clearly established," the contours of the right must be sufficiently clear that a reasonable official would understand that his or her conduct violates that right. The unlawfulness of the official or employee's conduct must be apparent in light of pre-existing law. *Wegener v. City of Covington,* 933 F.2d 390, 392 (6th Cir.1991). A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred. *Robinson v. Bibb,* 840 F.2d 349, 351 (6th Cir.1988).

■ Once a defendant pleads a defense of qualified immunity, " '[o]n summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred.... Until this threshold immunity question is resolved, discovery should not be allowed.' " *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) (quoting *Harlow,* 457 U.S. at 815, 102 S.Ct. at 2738). Accordingly, the court must determine first whether a constitutional right has been violated, and, if so, whether that constitutional right was clearly established at the time of the alleged actions. *Id.*

The magistrate judge concluded that plaintiff had failed to establish the violation of a constitutional right by failing to set forth facts that would support his claim of retaliation. The magistrate first observed that defendant Govorchin submitted an affidavit stating that, as an assistant attorney general, he had no authority to order anyone in the MDOC to perform any act. The magistrate judge concluded that, in the absence of such authority, defendants' actions could not constitute more than legal advice for which defendant is immune.

Plaintiff objects to the magistrate's conclusion, asserting that the magistrate inappropriately weighed facts as opposed to accepting the facts in the light most favorable to plaintiff. Specifically, plaintiff alleges that

the magistrate judge mistakenly relied upon defendant Govorchin's sworn statement that he did not order, but only advised, the hearing officer to deny plaintiff's request to receive the replacement word processor, the Brother 9000. In contrast, plaintiff has submitted an affidavit in which he swears that Warden Howes informed him both before and after the hearing that she had been "instructed" to deny plaintiff's receipt of any typewriter other than the PWP–80. He therefore contends that whether Govorchin "ordered" the warden and hearing officer to reject the word processor, or merely "advised" that action in his capacity as legal counsel, was an issue of fact that may not be disposed of on summary judgment.

Plaintiff misunderstands the nature of the magistrate's conclusion. Regardless of plaintiff's evidence concerning how corrections officers understood Govorchin's advice, in order for Govorchin to have actually ordered the action, he must have had authority over the corrections officials. As the magistrate judge stated:

> Plaintiff has adduced no evidence, however, to show that the Attorney General, or his assistants, have any authority over the conditions of plaintiff's confinement. To the contrary, plaintiff is in the legal custody of the Department of Corrections, not the Attorney General. Mich. Comp. L. § 791.204; *see Cross v. Dep't of Corrections*, 103 Mich.App. 409, 303 N.W.2d 218 (1981).

Plaintiff therefore has neither proven nor alleged any fact or legal basis to support Govorchin's actual authority.

■ In any event, the magistrate judge also rejected plaintiff's claim on alternative grounds. The magistrate judge concluded that plaintiff had failed to allege a claim of retaliation for the exercise of First Amendment rights because plaintiff failed to set forth a violation of his right to substantive due process. *See Newsom v. Norris*, 888 F.2d 371, 376–77 (6th Cir.1989) (holding that inmate states federal claim when he is fired from a prison job in retaliation for complaining about prison conditions); *Cale v. Johnson*, 861 F.2d 943, 949 (6th Cir.1988) (holding that inmate states federal claim when drugs are

planted on inmate in retaliation for complaints). To prove such a violation, the magistrate held that plaintiff must demonstrate that the prison officials' conduct constituted an "egregious abuse of governmental power." *Cale*, 861 F.2d at 949 (citing *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 201 (6th Cir.1987)). The magistrate judge concluded that the giving of arguably correct legal advice could not constitute an egregious abuse of governmental power.

■ While I agree with the magistrate's conclusion that plaintiff has not stated a claim of retaliation, I disagree with the legal standard he applied. Retaliation against an individual for exercise of his First Amendment rights is itself a First Amendment violation. *Zilich v. Longo*, 34 F.3d 359, 364 (6th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1400, 131 L.Ed.2d 288 (1995); *Riley v. Kurtz*, 893 F.Supp. 709, 710 (E.D.Mich.1995). Where a defendant has alleged deprivation of a specific constitutional right, the constitutional claim is analyzed as a violation of the particular constitutional right, not as a substantive due process challenge. *Id. See also Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) ("Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'") (quoting *Graham*, 490 U.S. at 395, 109 S.Ct. at 1871). Here, plaintiff ostensibly has claimed that he was retaliated against for exercise of his First Amendment right to bring a lawsuit. Consequently, plaintiff need not allege conduct that constitutes an "egregious abuse of authority" or that "shocks the conscience." *See Riley*, 893 F.Supp. at 715–16.

■ Regardless of the appropriate standard, however, plaintiff has failed to set forth allegations that would support a claim of retaliation under Fed. R. Civ. p. 12(b)(6). While plaintiff asserts that the refusal to permit him to receive the Brother 9000 was taken in retaliation for the filing of a lawsuit, his claim is based on nothing more than the

fact that the refusal followed the filing of his lawsuit. Such an allegation is insufficient. *Murphy v. Lane,* 833 F.2d 106, 108 (7th Cir.1987) (plaintiff must allege more than that the unwanted action followed the exercise of rights). Instead, plaintiff must allege a "chronology of events from which retaliation may plausibly be inferred." *El–Amin v. Tirey,* 817 F.Supp. 694, 699 (W.D.Tenn.1993), aff'd, 35 F.3d 565 (6th Cir.1994).

Plaintiff asserts that he has alleged numerous facts supporting his claim of retaliation. He alleges that he had conversations with Govorchin in which Govorchin suggested that he was opposed to plaintiff's receipt of the word processor. Further, plaintiff alleges that Govorchin stated that he believed that the appeals court erred in its decision in *Spruytte v. Owens,* and that Govorchin intended if possible to block the receipt of the substitute word processor. Plaintiff also alleges that defendants deliberately interfered with his hearing to receive a "replacement" model for the discontinued word processor.

Accepting these allegations as true, however, none suggests a retaliatory motive stemming from the filing of the lawsuit. In fact, the allegations suggest another reason entirely: that defendants generally opposed plaintiff's possession of the word processor, not that they were angry over his filing a lawsuit. Therefore, plaintiff's allegations, even if true, fail to set forth a claim that he was subjected to retaliation because of the exercise of First Amendment rights.

Accordingly, I conclude that plaintiff has failed to state a valid claim of retaliation. I therefore grant defendants' motion to dismiss the retaliation claim pursuant to Fed. R.Civ.P. 12(b)(6).

**D.  *Due Process Violation***

Plaintiff contends that he should be allowed to amend his complaint to allege a violation of procedural due process. In order to state a claim of procedural due process, plaintiff must allege both that he has a protected property or liberty interest, and, if so, what procedures are required. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Protected property interests may be created through either statutory entitlement, the operation of institutional common law, or principles of contract law. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In order to establish a property interest in a particular benefit, plaintiff must have a "legitimate claim of entitlement to it." *Id.* " '[A]n abstract need or desire for it' or a 'unilateral expectation' is insufficient.' " *LRL Properties v. Portage Metro Housing Auth.,* 55 F.3d 1097, 1108 (6th Cir.1995) (quoting *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709) (other quotations omitted).

Plaintiff contends that he had a property interest in being permitted to receive the Brother 9000 word processor. As a consequence, he alleges that he had a right to an untainted hearing on the receipt of that word processor.

In support of his alleged property interest, plaintiff asserts that the existence of a property interest in acquiring the Brother 9000 word processor previously was decided by the Michigan Court of Appeals in the *Spruytte v. Owens* case. Accordingly, he contends that this court must consider the *Owens* decision to be law of the case and/or must give full faith and credit to that decision.

The decision in *Owens,* however, was not part of the instant case. Consequently, the law of the case doctrine clearly is inapposite. In addition, as conceded by plaintiff in his settlement of the case, the *Owens* decision addressed plaintiff's property interest in the PWP–80. At issue in the present case, in contrast, is receipt of the Brother 9000. This question never was decided by the Michigan court, and consequently is not the subject of any order of court that could be entitled to full faith and credit in this court.

Moreover, as the magistrate judge noted, in *Spruytte v. Owens,* plaintiff stipulated that the PWP–80 was the "subject word processor" referred to in the order of the Michigan Court of Appeals. In other words, plaintiff has admitted that the subject word processor was different than the one he sought to receive in October 1994. He therefore is barred by the doctrine of judicial

estoppel from now asserting that the Brother 9000 was the "subject" word processor in which he had a property interest. *See Consolidated Tel. Cable Serv., Inc. v. City of Frankfort,* 857 F.2d 354, 359 n. 4 (6th Cir. 1988), *cert. denied,* 489 U.S. 1082, 109 S.Ct. 1537, 103 L.Ed.2d 842 (1989). The most he can claim is that, for equitable reasons, the Brother 9000 should have been treated as substantially the same as the PWP–80. In the settlement, however, plaintiff stipulated that a different Brother word processor was comparable (the Brother WP–1700–MDS). By the terms of his own stipulation, therefore, plaintiff agreed that a different Brother model was comparable.

Further, as the Michigan Court of Appeals itself noted, subsequent to the initial decision of the Michigan Court of Appeals in *Spruytte v. Owens* but before the deprivation at issue here, the MDOC rescinded the administrative regulation in which the *Owens* court found a property interest. *See Spruytte v. Owens,* No. 155278 (Mich.App. May 31, 1994) (noting that 1979 AC R 791.6637(4) had been repealed subsequent to the decision in *Spruytte v. Owens,* 190 Mich.App. 127, 475 N.W.2d 382 (1991)). As a consequence, the very regulation upon which plaintiff based his property interest no longer exists. Plaintiff has suggested no alternate basis for his alleged property interest in the word processor. Therefore, because plaintiff has failed to allege a threshold property interest, he has failed to allege a deprivation of constitutional magnitude.

▮▮▮ Finally, plaintiff's due process claim also is barred by *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In *Parratt,* the Supreme Court held that the negligent deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. The *Parratt* doctrine has been extended to cover intentional deprivations. *See Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995) (citing *Hudson v. Palmer,* 468 U.S. 517, 533–36, 104 S.Ct. 3194, 3203–05, 82 L.Ed.2d 393 (1984)). Further, the Sixth Circuit has held that, in order to claim a deprivation of property without procedural due process, a plaintiff "must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983), *cert. denied,* 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984). Thus, the *Parratt* doctrine permits dismissal of procedural due process claims brought under 42 U.S.C. § 1983 based on the fact that the state provides the claimant an adequate postdeprivation remedy if:

> 1) the deprivation was unpredictable or "random"; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty.

*Copeland,* 57 F.3d at 479.

In the instant case, the hearing plaintiff is now claiming was defective was nothing more nor less than a single act that would itself be unauthorized under state procedures. Plaintiff attempts to allege a general practice of such deprivations, but he offers no factual allegations to support such a claim. As a result, his claim falls squarely within the strictures of *Parratt.* See *Copeland,* 57 F.3d at 479–80.

As the Sixth Circuit has held, "redress for most prisoner actions, including alleged constitutional violations, is available under the extensive process provided by Michigan state law." *Copeland,* 57 F.3d at 480 (reciting tort remedies). *See also* Mich. Court R. 3.105 (allowing actions for claim and deliver); Mich. Comp. Laws § 600.2920 (civil action to recover possess of or damages for goods unlawfully detained); Mich. Comp. Laws § 600.6401 (Michigan Court of Claims Act, allowing compensation for alleged unjustifiable acts of state officials). In addition, as an agency subject to the Michigan Administrative Procedures Act, Mich. Comp. Laws §§ 24.201–.403, the MDOC is subject to numerous laws governing prisoner grievances. *See* Mich. Comp. Laws §§ 791.251–.255 (including right to raise constitutional claims and the right to judicial review of hearing decisions). The Sixth Circuit has held that such rights provide a more-than-adequate state court remedy for violations of due pro-

cess for purposes of *Parratt. See Copeland,* 57 F.3d at 480.

Accordingly, I deny plaintiff's request to amend his complaint to include a procedural due process claim because such a claim would be futile. Plaintiff has failed to establish the existence of a property interest in the acquisition of the Brother 9000 word processor. Moreover, plaintiff's procedural due process claim is barred under the doctrine of *Parratt,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420.

### CONCLUSION

For the foregoing reasons, I accept the magistrate judge's R & R with certain modifications and additions. Defendants' motion to dismiss and/or for summary judgment is **GRANTED**.